11th Court of Appeals
Eastland, Texas
Opinion
 
Juan Mercedes Reyes
            Appellant
Vs.                  No. 11-03-00385-CR -- Appeal from Midland County
State of Texas
            Appellee
 
            The jury convicted Juan Mercedes Reyes of assault on a peace officer. The trial court
assessed punishment at ten years confinement, suspended the imposition of the sentence, and placed
appellant on community supervision for ten years. We affirm.
            In his fourth point of error, appellant argues that the trial court erred in denying his motion
for a directed verdict. A challenge on appeal to the denial of a motion for directed verdict is a
challenge to the legal sufficiency of the evidence. Williams v. State, 937 S.W.2d 479, 482
(Tex.Cr.App.1996). In order to determine if the evidence is legally sufficient, we must review all
of the evidence in the light most favorable to the verdict and determine whether any rational trier of
fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664 (Tex.Cr.App.2000). 
            Sergeant Seth Herman, with the Midland Police Department, testified that on November 22,
2002, he and Officer Richard Moore responded to a call concerning a verbal altercation involving
appellant and his wife, Carolina Reyes. Sergeant Herman stated that they knocked on the door of
the residence but that there was no answer. The officers went into the residence and found appellant,
Carolina, and appellant’s mother, Frances Reyes. Sergeant Herman asked appellant to step outside
with him, while Officer Moore remained inside to talk to Carolina. 
            Sergeant Herman informed appellant that someone had contacted the police and reported a
verbal altercation. Appellant responded that there had been a verbal altercation but that there had
been no physical violence. Sergeant Herman and appellant were outside approximately 45 minutes
when Officer Moore came outside and said that Carolina was going to leave the residence. 
Appellant became agitated when the officers told him Carolina was leaving and hit a post on the
outside of the building with his fist. 
            Sergeant Herman testified that when Carolina and Frances came out of the apartment, appel-lant grabbed Carolina’s arm. Sergeant Herman took appellant’s hand and told him to step back.
Appellant then grabbed Sergeant Herman around the torso and tackled him. Sergeant Herman and
appellant struggled several minutes and were engaged in “continual combat” as Sergeant Herman
attempted to restrain appellant. Sergeant Herman stated that he repeatedly ordered appellant to stop
his resistance. Sergeant Herman suffered abrasions and a head injury as a result of the struggle.            Carolina testified at trial that, when the officers arrived, she and Frances stayed inside with
one officer while appellant and the other officer went outside. Carolina stated that the officer told
her it would be best for her to leave the residence. Carolina said that she went outside to tell
appellant she was going to stay with Frances. Carolina testified that as she went to kiss appellant
goodbye, the officer pulled appellant away. The officer spun appellant around, and Carolina got
scared and ran. Carolina stated the she could hear appellant calling to her for help. Carolina said
that she turned around and saw the officer “hurting” appellant. 
            Frances testified at trial that she had been at appellant’s residence a few minutes when the
police arrived. Frances stated that, as she and Carolina were leaving the apartment, Carolina kissed
appellant. Frances said that Sergeant Herman “jerked” appellant and that they both fell down. 
Frances said that Sergeant Herman was hitting appellant with his knee and that Officer Moore was
also hitting appellant. Frances further testified that Sergeant Herman hit her during the altercation. 
 Both Carolina and Frances stated that they never saw appellant strike the officers. 
            Appellant testified at trial that, while he was outside with Sergeant Herman, Carolina came
outside and said she was going to stay with Frances because the police were making her leave. 
Carolina went back inside to get her things. Carolina then came outside again and as she was
leaving, she told appellant not to worry that she would be back in 30 minutes. Appellant testified
that he kissed Carolina and that they were talking when Sergeant Herman grabbed appellant’s arm.
Appellant said that Sergeant Herman jerked him and that his knee “popped.” Sergeant Herman
slammed appellant to the ground. While on the ground, appellant tried to grab his knee. Appellant
stated that the officers were pulling him in different directions and that Sergeant Herman was
“kneeing” him in the face, head, and ribs. Appellant stated that he did not try to hit the officers and
that he did not struggle or try to resist their restraint of him. 
            Appellant specifically argues that the trial court erred in denying his motion for directed
verdict because he did not intend to injure the officers. The jury heard evidence that appellant
grabbed Sergeant Herman around the torso and tackled him. The jury is the sole judge of the credi-bility of the witnesses and the weight to be given their testimony. TEX. CODE CRIM. PRO. ANN.
arts. 36.13 & 38.04 (Vernon 1979 & 1981). It is also the exclusive province of the jury to reconcile
conflicts in the evidence. Wesbrook v. State, 29 S.W.3d 103 (Tex.Cr.App.2000), cert. den’d, 532
U.S. 944 (2001). After reviewing all of the evidence in the light most favorable to the verdict, we
conclude that a rational trier of fact could have found the essential elements of the crime beyond a
reasonable doubt. Appellant’s fourth point of error is overruled.
            In his first point of error, appellant argues that the State made an impermissible jury
argument. There are four permissible areas of jury argument: (1) summation of the evidence; (2)
reasonable deduction from the evidence; (3) response to the defendant’s argument; or (4) a plea for
law enforcement. Lagrone v. State, 942 S.W.2d 602, 619 (Tex.Cr.App.), cert. den’d, 522 U.S. 917
(1997); Baker v. State, 94 S.W.3d 684, 689 (Tex.App. - Eastland 2002, no pet’n). 
            Appellant first objects to the State’s comment during its closing argument that “this is the
type of person we [were] dealing with that night.” The State was discussing Carolina’s statement
in which she described previous acts of violence by appellant. Viewed in context, the State’s
argument is a proper summation of the evidence. 
            Appellant next complains of the following State’s argument:
            [Appellant] had control of his mother. He has control of Carolina today. He
wanted to control the situation on November 22.
 
            His wife was leaving, and he didn’t want her to leave.
 
            He didn’t like it when [Sergeant] Herman put his hand on his forearm. And
he wanted to take control. That’s what he tried to do.
 
            And he wants to control you today by his testimony. He wants to control you
by his mother’s testimony. He wants to control you by Carolina’s testimony. 
 
There was conflicting evidence at trial concerning appellant’s actions on the night of the offense and
appellant’s previous acts of violence. The State presented as evidence a statement by Carolina in
which she described previous acts of violence by appellant. At trial, Carolina denied that there had
been previous acts of violence by appellant. The State’s argument summarizes the evidence
presented at trial and is a reasonable deduction from the evidence explaining Carolina’s conflicting
testimony. Moreover, the trial court did not rule on appellant’s objection to the statement but, rather,
stated: “Go ahead” in response to appellant’s objection. Therefore, appellant has not preserved this
argument for review. TEX.R.APP.P. 33.1(a); Heidelberg v. State, 112 S.W.3d 658, 664 (Tex.App.
- Houston [1st Dist.] 2003), aff’d, 144 S.W.3d 535 (Tex.Cr.App.2004). Appellant’s first point of
error is overruled.
            In his second point of error, appellant complains that the State impermissibly struck at
appellant over the shoulder’s of his trial counsel. During the cross-examination of appellant, the
State questioned appellant about whether he told his trial counsel his version of the events at the time
of the offense. The State then asked appellant: “And he didn’t tell you about filing -- you had an
opportunity to file a complaint at the Police Department?” Appellant objected that the State was
striking at appellant over the shoulder of his attorney. At a bench conference, appellant’s trial
counsel further stated his objection based upon confidential communications. The trial court sus-tained appellant’s objection that the question involved confidential communications and granted
appellant’s request for an instruction to the jury to disregard. Appellant has received the relief he
requested. See Ovalle v. State, 13 S.W.3d 774, 783 (Tex.Cr.App.2000); see also Cook v. State, 858
S.W.2d 467 (Tex.Cr.App.1993). Moreover, appellant’s trial counsel elicited testimony during his
direct examination of appellant that appellant was unaware of the procedure to complain of the
officers’ treatment of him. See Brooks v. State, 990 S.W.2d 278, 287 (Tex.Cr.App.), cert. den’d, 528
U.S. 956 (1999). Appellant’s second point of error is overruled.
            In his third point of error, appellant argues that the State “improperly used bolstering to
corroborate uncontroverted testimony.” During its cross-examination of Carolina, the State
presented Exhibit No. 5 which contained evidence concerning Carolina’s application for a protective
order. The trial court instructed the State to include only the affidavit in support of the protective
order in the exhibit and to redact portions of the affidavit relating to acts other than November 22.
Exhibit No. 5-A was admitted after Carolina stated that she could not remember making the
statements in the affidavit. The State was then allowed to ask Carolina about two previous acts of
violence. When the State questioned Carolina about the previous acts of violence, Carolina denied
that they had happened. When asked about making the statement, Carolina said: “Yeah, I was upset
and angry with him - - not because - - it frightens me and scares me, because his is going to hurt
himself.” The trial court then allowed the State to admit Exhibit No. 5-A in its entirety, which
included the previously redacted portions. Carolina did not unequivocally admit to having made the
statement. TEX.R.EVID. 613(a); McGary v. State, 750 S.W.2d 782 (Tex.Cr.App.1988). The trial
court did not err in admitting the statement. Appellant’s third point of error is overruled.
            The judgment of the trial court is affirmed.
 
                                                                                                JIM R. WRIGHT
                                                                                                JUSTICE 
 
February 24, 2005
Do not publish. See TEX.R.APP.P. 47.2(b).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.